James H. Schwabacher v. Commissioner. Sophie D. Schwabacher v. Commissioner. May K. Schwabacher v. Commissioner.
James H. Schwabacher v. Commissioner
Docket Nos. 7864, 7865, 7915.
United States Tax Court
1946 Tax Ct. Memo LEXIS 37; 5 T.C.M. (CCH) 971; T.C.M. (RIA) 46267; November 13, 1946
*37 Bayley Kohlmeier, Esq., and G. H. Koster, Esq., 300 Montgomery St., San Francisco 4, Calif., for the petitioners. T. M. Mather, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in gift taxes as follows: Docket
Petitioner
No.
Year
Deficiency
James H. Schwabacher
7864
1941
$1,122.00
1942
33.75
Sophie D. Schwabacher
7865
1942
746.25
May K. Schwabacher
7915
1942
1,518.75 The only question submitted for decision is the fair market value of the first preferred stock of Schwabacher-Frey Company on the dates of the gifts. Findings of Fact The petitioners filed their gift tax returns for the taxable years with the collector of internal revenue in San Francisco. The gifts here in question were of shares of the first preferred stock of Schwabacher-Frey Company. James H. Schwabacher gave 480 shares in three gifts on December 31, 1941, and 290 shares in three gifts on November 23, 1942. Sophie D. Schwabacher gave 500 shares in two gifts on November 23, 1942. May K. Schwabacher gave 150 shares in three gifts on December 23, 1942. The petitioners, in reporting *38 their gifts, valued the shares at $50 each on December 31, 1941 and at $56.50 each on the two dates in the latter part of 1942 upon which gifts were made. The Commissioner, in determining the deficiencies, held that the stock had a value of $125 per share at the date of each gift. The total value of the three gifts made by James H. Schwabacher on December 31, 1941, was $40,800. The total value of the three gifts made by James H. Schwabacher on November 23, 1942, was $27,550. The total value of the two gifts made by Sophie D. Schwabacher on November 23, 1942, was $47,500. The total value of the three gifts made by May K. Schwabacher on December 23, 1942, was $14,250. The stipulation of facts entered into by the parties, including the exhibits attached thereto, is incorporated herein by this reference. Opinion MURDOCK, Judge: This case presents the usual difficulty in placing a value for gift tax or other purposes upon stock of a closely held corporation which was not the subject of sales on or about the dates of the gifts. The stock in question is the first preferred stock of Schwabacher-Frey Company. Each share had a par value of $100 and was entitled to preferential *39 cumulative dividends at the rate of $8.00 annually. It was entitled to share in further dividends after certain amounts had been paid on the second preferred and common stock. Dividends on the stock were in arrears at the date of those gifts in amounts slightly in excess of $80 per share. Each share entitled the owner upon dissolution of the company to receive $100 par value and the 8 per cent dividends which might be in arrears. The stipulation, supplemented by the testimony, shows the earnings, the dividend record, the business engaged in, balance sheets, and other pertinent information. Witnesses were called who expressed opinions as to the value of the stock. The two who were called by the petitioners expressed opinions indicating values ranging from $50 to $65 per share on the various dates, while in the opinion of the one called by the respondent, the range was from $112 to $143 per share. We have considered all of the evidence in the record and have attempted to give to each piece of evidence the weight to which it is entitled. There is plenty of room for wide difference of opinion as to the value of this stock based upon the present record. We have no deep-seated conviction *40 as to what the value of the stock may have been on any of the dates, but a finding of value is necessary and has been made to the best of our ability. It would serve no useful purpose and might convince no one if we were to explain in detail just how our conclusions have been reached. Decision will be entered under Rule 50.